**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4202**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

JESUS RIVERA-NAVA, a/k/a Jesus Cordero, a/k/a Jesus
Cordero-Nava,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham. James A. Beaty, Jr.,
Chief Judge. (1:07-cr-00166-JAB-1)

Submitted: October 14, 2008     Decided: October 16, 2008

Before KING, GREGORY, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas R. Wilson, GREEN & WILSON, P.A., New Bern, North
Carolina, for Appellant. Anna Mills Wagoner, United States
Attorney, L. Patrick Auld, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jesus Rivera-Nava pled guilty to unauthorized reentry of a removed alien whose removal was subsequent to an aggravated felony conviction. The district court properly calculated Rivera-Nava's advisory Sentencing Guidelines range to be 57 to 71 months of imprisonment and sentenced him to 66 months in prison. Rivera-Nava appeals, alleging his sentence is both procedurally and substantively unreasonable. For the reasons that follow, we affirm.

We review a sentence for an abuse of discretion. Gall v. United States, 128 S. Ct. 586, 591 (2007). To determine whether a sentencing court abused its discretion, we undertake a two-part analysis. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). First, we examine the sentence for "significant procedural errors," and second, we evaluate the substance of the sentence. Id. Significant procedural errors include improperly calculating the Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008) factors, or failing to adequately explain the given sentence. Pauley, 511 F.3d at 473. Substantive reasonableness entails a review of the totality of the circumstances, and we may presume that a sentence within the advisory Guidelines range is reasonable. Id.; see Rita v. United States, 127 S. Ct. 2456, 2459 (2007).

2

Here, the district court followed the necessary steps in sentencing Rivera-Nava. The Guidelines range was properly calculated, the court heard from both parties regarding the Guidelines range and the § 3553(a) factors, and the court noted that it considered all the factors and concluded that the Guidelines range provided an appropriate basis for determination of sentence. See United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006) (holding that court need not "robotically tick through" every subsection of § 3553(a)), cert. denied, 127 S. Ct. 3044 (2007). In addition, we find no abuse of discretion in the court's decision to sentence Rivera-Nava in the middle of the Guidelines range, especially when Rivera-Nava himself argued for a sentence within the Guidelines range, noted that the presentence report covered most of the statutory factors, and did not move for a variance sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED